## Ex Parte Johnson Belflower.

No. 14411.   Delivered April 29, 1931.

*Reynolds & Heare,* of Shamrock, for appellant.

*Raymond Allred,* Dist. Atty., of Pampa, and *Lloyd W. Davidson,* State's Attorney of Austin, for the State.

MORROW, Presiding Judge.—The appellant was charged by complaint with murder. On the hearing his bail was fixed in the sum of $10,000.00. On the showing that his efforts to make bond have been without avail and that he is without property to secure bondsmen, he now seeks a reduction of his bail, suggesting that he might be able to make a bond in the sum of $5,000.00.

A brief summary of the testimony is as follows: The witness Bryan resided at Shamrock, Texas. While engaged in a conversation upon the street with one Otto Markham, he observed the appellant and his wife, who drove their car to the curb and stopped. After stopping the car, the appellant called to Markham and said he wanted to talk with him on a matter of business. A few minutes later, the appellant came and shook hands with Bryan and said: "You have been knowing me a long time, haven't you? * * * Have you ever known me of mistreating anybody? * * * Mr. S. E. Walker has insulted my wife, and if he don't apologize, something is liable to happen."

About that time Walker, the deceased, came out of a business house and was accosted by the appellant. The appellant did not appear to be angry or excited at the time. A conversation took place which Bryan did not hear, but he heard Walker say: "Your wife was not insulted" or "I did not insult her." Appellant turned to Bryan and said: "Now, you heard me ask Mr. Walker to apologize, didn't you?" The appellant went to his car, got his rifle, came back and said: "Walker, you are

not going to get by with this." He then put the gun to his shoulder and fired one shot which killed the deceased.

Markham testified that while conversing with the appellant on some business matters, the latter indicated that he wished to see Walker. He approached Walker and had a conversation with him, the witness in the meantime conversing with Mrs. Belflower. Walker was asked by the appellant to apologize to his wife. Walker replied that he would not apologize to Mrs. Belflower or anybody else as he had nothing to apologize for. As Walker started away, the appellant went to his automobile, got his rifle and said, "Walker, Walker, Walker," and fired. Prior to his conversation with Walker the appellant appeared calm, but after the conversation he appeared agitated and nervous. Before the homicide and while in town, the appellant and his wife brought some eggs to a store for sale. The keeper of the store made a price of the eggs and after the homicide, they were delivered by Mrs. Belflower, who received payment for them. The eggs were in the car at the time of the tragedy.

We are not prepared to say that the amount of bail fixed by the trial court is excessive. No direct testimony is perceived to the effect that Walker had insulted the wife of the appellant. The testimony goes no further than to show that Bryan was told by the appellant that Walker had insulted his wife and unless he apologized something would happen. Walker was accused by the appellant of insulting his wife, but Walker denied it. The appellant's wife was available to him as a witness on the hearing. She failed to testify to any insults by Walker. In view of the record before it, this court does not feel justified in overturning the conclusion reached by the judge who heard the witnesses and fixed the amount of bail.

The judgment is affirmed.

*Affirmed.*